OPINION
{¶ 1} On August 3, 2001, the Stark County Grand Jury indicted appellant, John Conley, on three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, one count of complicity to unlawful sexual conduct with a minor in violation of R.C. 2923.03, two counts of selling or furnishing alcoholic beverages to underage persons in violation of R.C. 4301.69 and one count of sexual imposition in violation of R.C. 2907.06.
 {¶ 2} A jury trial commenced on January 28, 2002. The jury found appellant guilty of the two counts of furnishing alcoholic beverages to underage persons. The jury found appellant not guilty of one of the counts of unlawful sexual conduct with a minor, the one count of complicity to unlawful sexual conduct with a minor and the one count of sexual imposition. The jury was unable to reach a verdict on the remaining two counts of unlawful sexual conduct with a minor. These two counts were amended to one count of contributing to the unruliness or delinquency of a minor in violation of R.C. 2919.24 to which appellant pled guilty to on July 22, 2002. By judgment entry filed July 25, 2002, the trial court sentenced appellant to six months on each of the three counts, the two sentences for furnishing alcoholic beverages to underage persons to be run consecutively, but concurrently to the sentence on contributing to the unruliness or delinquency of a minor, for a total aggregate term of twelve months.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSING CONSECUTIVE SENTENCE."
 II {¶ 5} "THE TRIAL COURT PLAINLY ERRED IN IMPOSING MAXIMUM JAIL TERMS FOR APPELLANT'S THREE SEPARATE COUNTS."
 III {¶ 6} "TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO APPELLANT'S MAXIMUM, CONSECUTIVE JAIL TERMS AT THE SENTENCING HEARING."
 IV {¶ 7} "THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II, III {¶ 8} Appellant claims the trial court's decision in sentencing him to consecutive and maximum sentences is not supported by the record. Specifically, appellant claims the trial court failed to give its reasons for imposing consecutive and maximum sentences and in support, cites to the felony sentencing statutes.
 {¶ 9} This case involves three misdemeanor sentences. The criteria for felony sentencing set forth in R.C. 2929.14(C) and (E) do not apply to misdemeanor convictions. While appellant would like to bootstrap the felony sentencing mandates to misdemeanor convictions, such is not the law in this state.
 {¶ 10} Misdemeanor sentencing is governed by R.C. 2929.22 which states as follows:
 {¶ 11} "In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender."
 {¶ 12} The trial court gave a lengthy dissertation on its sentencing decision, including a visit to R.C. 2929.14(E)(4) which it was not required to do. July 22, 2002 T. at 24-27. Based upon the reasons therein, we find the record supports the trial court's sentences. Further, we find no deficiency in defense counsel's performance regarding the sentences imposed.
 {¶ 13} Assignments of Error I, II and III are denied.
 IV {¶ 14} Appellant claims his convictions for furnishing alcoholic beverages to underage persons are against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 16} Appellant was convicted of furnishing alcoholic beverages to underage persons pursuant to R.C. 4301.69(A) which states as follows in pertinent part:
 {¶ 17} "(A) Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."
 {¶ 18} The jury found appellant furnished alcohol to two thirteen year olds, Eric Brock Boston and David Clark. Mr. Boston testified appellant gave him a vodka and orange juice sometime around New Years. Vol. III T. at 28-29. Mr. Clark testified appellant gave him vodka and orange juice as well, but could not remember when other than sometime during the school year. Vol. IV T. at 14-16. Dallas Foster, a visitor to appellant's home, testified to observing the boys consume alcohol in appellant's home. Id. at 74-75. William Clark, Mr. Clark's older brother, testified to consuming alcohol, vodka and orange juice, in appellant's home around December. Id. at 130. Diana Miller, another visitor to appellant's home, testified she drank and observed alcohol, specifically vodka, in appellant's home. Vol. III T. at 208-209.
 {¶ 19} We find the direct evidence of the minor boys who testified appellant furnished them with alcohol to be substantiated by the testimony of the other witnesses who observed alcohol in appellant's home around New Years and consumed the same type of alcoholic beverage.
 {¶ 20} Upon review, we find sufficient credible evidence to support the convictions, and no manifest miscarriage of justice.
 {¶ 21} Assignment of Error IV is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J., and Boggins, J. concur.